UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-60365-CIV-HUCK

ACCESS 4 ALL, INC., a Florida not for profit
corporation, and JOE HOUSTON, individually,

    Plaintiffs,

v.

L & D INVESTORS SUNRISE, INC., a Florida
corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on Defendant L & D Investors Sunrise Inc.'s Amended Motion to Dismiss Plaintiffs' Complaint with Prejudice for Lack of Standing, Collateral Estoppel, and Res Judicata (D.E. #14). For the reasons discussed below, the Court denies Defendant's Motion.

### I. RELEVANT BACKGROUND

This is the second action filed by Mr. Houston, an individual with a disability as defined by the Americans with Disabilities Act ("ADA"), and Access 4 All, Inc., a nonprofit Florida corporation whose members include individuals with such disabilities, alleging ADA violations at Sunrise Plaza, a property owned by L&D Investors. Plaintiffs filed their first action, Case No. 10-cv-61711 (the "2010 Action"), on September 16, 2010. Pursuant to an order of this Court, Plaintiffs also filed a Statement of Claim detailing the violations alleged.

Subsequently, Plaintiffs sought to supplement their Statement of Claim with a November 16, 2010 report prepared by Plaintiffs' experts following their inspection of Sunrise Plaza on November 12, 2010. The report depicts several additional ADA violations in the parking lot, common areas, and various stores and suites located at Sunrise Plaza.

L&D Investors moved to strike Plaintiffs' Supplement to Statement of Claim, arguing that Plaintiffs lacked standing to complain about violations of which they were unaware at the time the 2010 Action was filed because, without actual knowledge of such violations, Plaintiffs could not have suffered the requisite "injury in fact." The Court granted Defendant's motion.

Plaintiffs then filed the present action, Case No. 11-cv-60365 (the "2011 Action"), on February 18, 2011.  Plaintiffs now allege that in January and February of 2011, Mr. Houston visited Sunrise Plaza and encountered certain barriers to access.  These alleged violations are identical to those detailed in the November 16, 2010 report submitted in the 2010 Action, and Plaintiffs have attached that same report as "Exhibit A" to their Amended Complaint.

L&D Investors now moves to dismiss Plaintiffs' Amended Complaint in the 2011 Action, arguing once again that Plaintiffs lack standing to bring the additional claims.  L&D Investors also asserts that the 2011 Action is barred by the doctrines of collateral estoppel and res judicata.

## II.   ANALYSIS

L&D Investors contends, as it did in its motion to strike in the 2010 Action, that Plaintiffs lack standing to assert newly discovered ADA violations of which Plaintiffs had no knowledge at the time the first action was filed and of which Plaintiffs only became aware due to the November 16, 2010 report.  This rationale, however, is not applicable in the context of the 2011 Action because the element of standing that Plaintiffs lacked in the 2010 Action, "injury in fact," is no longer absent.  While Plaintiffs did not have actual knowledge of the alleged violations contained in the report when they filed the 2010 Action, Plaintiffs sufficiently allege that they had actual knowledge of such violations at the time they filed the 2011 Action.  Indeed, Plaintiffs assert that in January and February of 2011, Mr. Houston visited Sunrise Plaza and encountered the barriers to access depicted in the November 16, 2010 report.  *See* Amended Complaint, (2011 Action, D.E. #4), at 2.  Accordingly, Plaintiffs have sufficiently alleged the "injury in fact" necessary to establish standing at the time Plaintiffs filed the 2011 Action.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit . . . .").

Furthermore, the Court's prior determination that Plaintiffs lacked standing to assert additional ADA violations in the 2010 Action does not prevent Plaintiffs from pursuing the 2011 Action.  Contrary to Defendant's contentions, neither collateral estoppel nor res judicata bars Plaintiffs from bringing this case.

"Collateral estoppel, or issue preclusion, forecloses the relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).  For collateral estoppel to apply, however, "the issue at stake must be

2

identical to the one involved in the prior litigation." *Id.*[1] In the 2010 Action, the Court resolved the issue of whether Plaintiffs had standing to sue for alleged ADA violations of which they had no knowledge at the time they filed suit. The Court determined that Plaintiffs lacked standing to challenge additional violations because, without actual knowledge of such violations, Plaintiffs could not have suffered "injury in fact." Prior to filing the 2011 Action, however, Mr. Houston returned to Sunrise Plaza and actually encountered the violations addressed in the November 16, 2010 report. Thus, the question of whether Plaintiffs have standing to sue for violations of which they lacked knowledge is no longer at issue; the issue in the present case is whether Plaintiffs have standing to sue for alleged violations of which they had actual knowledge at the time they filed suit.[2] Accordingly, the "issue at stake" in the 2011 Action is not identical to the issue in the 2010 Action, and Defendant cannot assert collateral estoppel as a bar to the 2011 Action.

Defendant's claim that res judicata bars the 2011 Action is similarly flawed. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d. 1289, 1296 (11th Cir. 2001). The party seeking to invoke res judicata must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.*

---

[1] There are three additional prerequisites to the application of collateral estoppel: the issue must have been actually litigated in the previous action, the determination of the issue must have been a critical and necessary part of the previous judgment, and there must have been a full and fair opportunity to litigate the issue. *I.A. Durbin, Inc.*, 793 F.2d at 1549. Because there is no identity of issues, it is not necessary to reach the remaining three prerequisites.

[2] In the 2010 Action, the Court found that Plaintiffs had standing to assert ADA claims of which the Plaintiffs had knowledge at the time the 2010 Action was filed. While L&D Investors did not challenge Mr. Houston's standing, L&D Investors argued that Access 4 All, Inc. did not have associational standing to pursue the case on behalf of its members. The Court rejected this argument, holding that Access 4 All, Inc. had standing to assert ADA claims for declaratory and injunctive relief. *See* Order Denying Defendant's Motion to Dismiss, (2010 Action, D.E. #48), at 3-4. The same conclusion is warranted with respect to the claims now asserted in the 2011 Action.

The Court's decision to strike Plaintiffs' additional claims in the 2010 Action did not amount to a final judgment on the merits of those claims. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (internal citations omitted). Furthermore, in striking the additional claims for lack of standing, the Court necessarily determined that Plaintiffs could not have raised the additional claims in the 2010 Action, even though Plaintiffs wanted to, because the Court was without jurisdiction over those claims. *See id.* Accordingly, res judicata does not preclude Plaintiffs from asserting the violations first addressed in the November 16, 2010 report in a second action. *See Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1307 (11th Cir. 2010) ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims." (quoting *Aquatherm Indus., Inc., v. Fla. Power and Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996))).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED. Because both actions involve alleged ADA violations at the Sunrise Plaza property, the cases will be consolidated for purposes of trial. The trial in the 2010 Action,[3] presently set for the two-week period beginning Monday, May 9, 2011, is continued and will be reset by separate order. All remaining claims in both cases will be tried together before the Court.

DONE and ORDERED in Chambers, Miami, Florida, April 29, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record

---

[3] On March 21, 2011, the Court granted partial summary judgment in the 2010 Action in favor of Defendant regarding the alleged violations at the Spice of Life store. The Court, however, found that there were genuine issues of material fact precluding the entry of summary judgment as to the remaining claims in the 2010 Action.